UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYCE THOMPSON,

                Plaintiff,            Civil Action No. 24-13149

v.                                         Nancy G. Edmunds
                                           United States District Judge
BANK OF AMERICA, N.A., *et al.*,

                                           David R. Grand
               Defendants.       United States Magistrate Judge
_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANT CREDIT REPORTING AGENCIES' JOINT MOTION TO DISMISS (ECF No. 41)

In this civil action, *pro se* plaintiff Bryce Thompson ("Thompson") alleges that defendants Bank of America, N.A. ("BANA"), and three credit reporting agencies – Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC (the "CRAs," and, with BANA, the "Defendants") – violated the Fair Credit Reporting Act ("FCRA") related to their handling of an alleged missed credit card payment by Thompson.[1]  Pending before the Court is a joint motion to dismiss filed by the CRAs. (ECF No. 41).  The Court held oral argument on the motion on October 30, 2025.

Recently, the Court was advised that Thompson and the CRA defendants have resolved his claims against them, and that they will soon be submitting stipulated orders of dismissal as to the CRAs.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), the case has been referred to the undersigned for all pretrial purposes.  (ECF No. 19).

Accordingly, **IT IS RECOMMENDED** that the CRAs' joint motion to dismiss **(ECF No. 41)** be **DENIED AS MOOT**.

Dated: November 17, 2025　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

3

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2025.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager